UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CURTIS HOLMES,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **WARDEN JEFF GRONDOLSKY,** ) <br> ) <br> Respondent. ) <br> ) <br> ) | Civil Action No. 16-10696-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                               July 22, 2016

**I.     Introduction**

On April 11, 2016, petitioner Curtis Holmes ("Holmes"), a prisoner in custody at FMC Devens, filed a self-prepared motion to appoint counsel and a motion for leave to proceed *in forma pauperis*. Holmes did not file any habeas petition but requested that counsel be appointed for him to assist him in preparing a petition pursuant to 28 U.S.C. § 2241. The following day, Holmes paid the $5.00 filing fee.

On April 21, 2016, Magistrate Judge Dein issued an Electronic Order denying Holmes's *in forma pauperis* motion as moot since he paid the filing fee. She also denied Holmes's motion for appointed counsel under 18 U.S.C. § 3006A because: (1) Holmes actually had not filed a habeas petition in this Court; (2) Holmes's difficulties in litigating as a *pro se* prisoner were not unique; and (3) Holmes had raised the federal jurisdiction issues he intended to raise in this action in a

1

Rule 52(b) motion and a motion under the All Writs Act. Further, Magistrate Judge Dein noted that although Holmes had alleged he was "actually innocent," this assertion related to the legal sufficiency of his conviction and sentence rather than his factual innocence. Thus, she questioned whether the Court had jurisdiction over a § 2241 habeas petition under the auspices of the savings clause of 28 U.S.C. § 2255. Finally, Magistrate Judge Dein directed that if Holmes wished to proceed with his action, he must file a habeas petition setting forth his claims within 21 days.

On May 2, 2016, Holmes filed a Motion for an Extension of Time to June 13, 2016 to file his petition. That motion was granted on May 4, 2016.

On June 10, 2016, Holmes filed a motion to stay. D. 9. In support, Holmes submitted a letter from the Federal Defenders of New York, Inc. advising him that counsel had been assigned to review his case and if possible, to file a motion to reduce his sentence pursuant to 28 U.S.C. § 2255 and the Supreme Court's decision in Johnson v. United States, 576 U.S. ---, 135 S. Ct. 2551 (2015). In light of this, Holmes seeks to Stay this action pending the outcome of his § 2255 motion.

On June 16, 2016, this action was reassigned to this Court for further proceedings.

**II.    Discussion**

Upon review of Holmes's motion to stay and exhibits, this Court finds no good cause has been presented to grant the relief sought. First, Holmes has not filed a habeas petition and thus has not presented plausible habeas claims in the proper form, as directed. Second, there is no basis to stay this action (in lieu of dismissal) because a dismissal without prejudice would not be unduly prejudicial to Holmes because, unlike § 2254 petitions and § 2255 motions, there is no express limitations period under § 2241. Third and finally, in view of New York defense

counsel's representation of Holmes and the anticipated § 2255 proceedings for resentencing, this Court cannot find that it has jurisdiction over the instant action since Holmes cannot demonstrate sufficiently that § 2255 provides an inadequate or ineffective remedy to challenge his present detention. Although Holmes purportedly raises challenges to his conviction as well as his sentence, until he has exhausted completely his § 2255 remedies, this Court finds there is no § 2241 jurisdiction provided by the savings clause.

Accordingly, Holmes's motion to stay is <u>DENIED</u> and this action is <u>DISMISSED</u> in its entirety without prejudice.

### III.     Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's motion to stay, D. 9, is <u>DENIED</u>; and

2.   This action is <u>DISMISSED</u> in its entirety without prejudice.

**So ordered.**

/s/ Denise J. Casper
United States District Judge